1
2
3
4                     UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6   EVERT SPELLS,
7                                              Case No.  C 13-4102 KAW (PR)
              Plaintiff,
8
         v.                                    **ORDER OF DISMISSAL WITH LEAVE**
9                                              **TO AMEND**
    BRAD SMITH, et al.,
10
              Defendant.
11

12       Plaintiff, an inmate incarcerated at San Quentin State Prison (SQSP), filed the present *pro*

13  *se* prisoner complaint under 42 U.S.C. § 1983 alleging the violation of state and federal

14  regulations by Defendants. Plaintiff claims that Defendants, who are supervisors, managers and

15  employees at SQSP CAL-PIA Industry Mattress and Bedding Factory (CAL-PIA Factory), failed

16  to follow state and federal regulations that required them to provide Plaintiff with protective

17  equipment when he worked with hazardous material at the factory. As a result, Plaintiff suffers

18  from many physical ailments. As relief, he requests that CAL-PIA Factory pay all his medical

19  costs in treating any ailment that is related to his work with hazardous materials. Plaintiff moves

20  for leave to proceed *in forma pauperis*; this motion is granted in a separate order. Plaintiff has

21  consented to the jurisdiction of the undersigned United States Magistrate Judge over this action.

22                                         DISCUSSION

23  I.      Standard of Review

24          Federal courts must engage in a preliminary screening of cases in which prisoners seek

25  redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

26  § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

27  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

28  monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2). *Pro se*

1  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
2  Cir. 1990).
3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
4  that a violation of a right secured by the Constitution or laws of the United States was violated,
5  and (2) that the alleged deprivation was committed by a person acting under the color of state law.
6  *West v. Atkins*, 487 U.S. 42, 48 (1988).
7  II.    Legal Claim
8        Plaintiff's allegations fail to state a cognizable claim under § 1983. As discussed above, to
9  state a federal civil rights claim, a plaintiff must allege that the defendants violated a right secured
10 by the Constitution or laws of the United States. Here, Plaintiff alleges that Defendants,
11 employees of CAL-PIA Factory, violated state and federal regulations by failing to provide
12 protective clothing, respiratory apparatus or other reasonable measures of protection when
13 Plaintiff worked with hazardous materials. Although Plaintiff states that Defendants violated
14 federal regulations, he does not specify those regulations. Further, violations of state regulations
15 are insufficient to assert a claim under § 1983, which is concerned only with violations of federal
16 laws and the federal Constitution.
17       The attachments to Plaintiff's complaint indicate that he has previously filed claims based
18 on fraud and intentional concealment against several Defendants. Fraud and intentional
19 concealment are state tort claims that are not actionable under § 1983.
20       Furthermore, although Plaintiff names nine individuals as Defendants, his brief complaint
21 includes allegations only against three Defendants. Plaintiff must include allegations that specify
22 the actions of each named Defendant that caused a violation of his constitutional right.
23       Therefore, Plaintiff's complaint must be dismissed for failure to state a cognizable
24 constitutional violation. Dismissal is without prejudice to Plaintiff filing his state claims in state
25 court. Dismissal is also with leave for Plaintiff to file an amended complaint to remedy the
26 deficiencies noted above, if he truthfully can do so.

27 <center>CONCLUSION</center>
28       Based on the foregoing, the Court orders as follows:

<center>2</center>

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim under § 1983. Dismissal is without prejudice for Plaintiff to file his state claims in state court. Dismissal is also with leave to amend for Plaintiff to file an amended complaint to remedy the noted deficiencies.

2. If Plaintiff chooses to file an amended complaint, he must do so within twenty-one days from the date of this Order. If Plaintiff files an amended complaint, he must file it on the Court's civil complaint form and must include the caption and civil case number used in this order, (No. C 13-4102 KAW (PR)), and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: 10/11/13

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE