UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVERT SPELLS,

    Plaintiff,

  v.

BRAD SMITH, et al.,

    Defendants.

Case No. C 13-4102 KAW (PR)

**ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING ORDER OF DISMISSAL, REOPENING CASE, FILING AMENDED COMPLAINT AND SERVING COGNIZABLE CLAIMS**

Plaintiff, an inmate incarcerated at San Quentin State Prison ("SQSP"), proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. On October 11, 2013, the Court dismissed the complaint with leave to amend. (*See* Docket No. 6.) The Court advised Plaintiff that if he failed to file an amended complaint within twenty-one days from the date the order was filed, i.e., no later than November 1, 2013, his action would be dismissed without prejudice. (*See id.* at 3.) On November 27, 2013, Plaintiff had not filed an amended complaint and, therefore, the Court dismissed the case without prejudice and issued a judgment. However, also on November 27, 2013, Plaintiff filed a First Amended Complaint ("FAC"), which was not filed because the case had been dismissed. On December 11, 2013, Plaintiff filed a motion for reconsideration. (*See* Docket No. 10.)

In the interests of justice, the Court grants the motion for reconsideration, vacates the Order of Dismissal and the judgment, and orders the Clerk to reopen the case and file Plaintiff's FAC. The Court now undertakes an initial review of the FAC.

DISCUSSION

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

In the October 11, 2013 Order of Dismissal with Leave to Amend, the Court noted that Plaintiff failed to state a federal civil rights claim because he did not allege that any specific defendant violated a right secured by the Constitution or the laws of the United States. The Court noted that Plaintiff alleged that Defendants, employees of SQSP CAL-PIA Industry Mattress and Bedding Factory ("CAL-PIA Factory"), violated federal regulations, but he did not specify those regulations or how each named Defendant violated them. The Court also noted that allegations of fraud and intentional concealment were not actionable under § 1983. The Court granted Plaintiff leave to amend to remedy these deficiencies.

In his FAC, Plaintiff alleges the following. From May 9, 2012 through June 6, 2012, Defendant Joe Dobie, CAL-PIA Factory Supervisor, instructed Plaintiff to remove lead-based paint without providing Plaintiff with personal protective equipment. Dobie also assigned Plaintiff work in a dangerous environment where inmate employees were using a high pressure washer to clean pipes encased with asbestos. *Id.* Dobie failed to give Plaintiff proper training or protective clothing to work with asbestos. *Id.* Plaintiff suffers from acute and chronic eye problems, chest pains, coughing and headaches as a result of working in an asbestos environment without the proper protection or training.

Defendants CAL-PIA Factory Supervisor Gary Loredo and Manager Philip Earley knew

about the asbestos and its dangerous effects and failed to disclose them. Loredo and Earley filled out incomplete or fraudulent workers' compensation claims, on Plaintiff's behalf, minimizing the effects of the asbestos and this barred Plaintiff from addressing this claim in the future.

On June 6, 2012, Defendant Luu Rogers, CAL-PIA Factory Maintenance Supervisor, toured the area and made note of lead paint shavings on the floor and mixed in pools of water throughout the facility. It was not until "whistle blower" Rogers found these hazardous conditions at CAL-PIA Factory did Plaintiff became aware that he and other inmate-workers were at risk of exposure to lead paint and asbestos. Rogers notified his immediate supervisors, Earley and Loredo, of the dangerous conditions in the factory. He also contacted Defendant John Walker, CAL-PIA Health and Safety Manager, for advice on how to handle the situation. Walker advised Rogers that he would handle the situation from that point on and contacted the necessary authorities to update them on the hazardous conditions at the factory.

Defendant B. Smith, CAL-PIA Factory Branch Manager, conducted an investigation but made false and misleading statements about the asbestos.

Defendant Jeremy Young, CAL-PIA Factory Supervisor, notified his supervisor, Joe Dobie, of the potential danger from asbestos and lead paint caused by the removal of paint from the wall siding and window glass panels by the high pressure water washer. Although Young notified Dobie of the hazardous conditions, he did nothing further to safeguard Plaintiff. In fact, Young instructed Plaintiff to continue working in the hazardous conditions, although he was aware of the risk to Plaintiff's health and safety.

Defendant K.A. Davis, a correctional officer at SQSP who is responsible for the health and safety for all staff and inmates at the CAL-PIA Factory, indicated to inmate workers at CAL-PIA that there was a good possibility the paint they were removing had lead in it and that the overhead piping was insulated with asbestos. He stated that he notified Defendants Dobie and Young of the danger to the workers from exposure to absestos and lead paint.

Defendant Elizabeth Babcock, CAL-PIA Factory Hazmat Material Specialist, identified

asbestos and lead at the work site and shut down the factory, deeming it unsafe.

Although Plaintiff complained of nasal blockage, breathing problems, chest pains, coughing and headaches, Defendants Earley, Loredo, Smith, Dobie and Young did not arrange for Plaintiff to be tested for asbestos.

A. Eighth Amendment Claim

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner thus may state a § 1983 claim under the Eighth Amendment against a prison official where such official acts with "deliberate indifference" to the threat of serious harm or injury to the prisoner from dangerous prison conditions. *See, e.g., Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (finding failure to provide safe and accessible prison environment may constitute deliberate indifference to serious risk of harm to mobility-impaired inmate); *Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (finding failure to provide protective gear to inmate forced to remove asbestos constituted deliberate indifference to inmate's safety). The failure of a prison official to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the objective component – the deprivation alleged must be sufficiently serious, and (2) the subjective component – the prison official must possess a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837. Neither negligence nor gross negligence constitute deliberate indifference. *Id.* at 835-36 & n.4.

Liberally construed, Plaintiff states a cognizable claim for deliberate indifference to his safety and to his serious medical needs against Defendants Dobie, Loredo, Earley, Smith, and Young as they allegedly knew about the dangerous risk to Plaintiff's health and safety and knew of his medical condition, but did nothing to alleviate the risk and did not arrange for him to be tested for asbestos. However, Plaintiff's allegations indicate that Defendants Babcock, Rogers,

4

Walker and Davis attempted to rectify the situation, and he does not allege that they denied him medical attention. Therefore, the allegations are insufficient to state cognizable Eighth Amendment claims against these Defendants, and the claims against them are dismissed.

Plaintiff also states a cognizable state law claim for fraud against Defendants Earley and Loredo based on the allegation that they prepared incomplete or fraudulent workers' compensation claims on Plaintiff's behalf. Plaintiff states a cognizable state law claim for intentional concealment against Defendant Smith based on the allegation that he intentionally made false or misleading statements during an investigation into asbestos at the CAL-PIA Factory, which extended Plaintiff's exposure to asbestos and impeded his ability to obtain treatment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration is GRANTED. (Docket. No. 10.)

2. The Clerk of the Court shall vacate the Order of Dismissal and Judgment filed in this case on November 27, 2013 (docket nos. 7 and 8) and reopen this case.

3. The Clerk of the Court shall file the FAC that was received on November 27, 2013 (docket no. 9).

4. Plaintiff states cognizable Eighth Amendment claims for deliberate indifference to his safety and serious medical needs against Defendants Dobie, Loredo, Earley, Smith and Young.

5. Plaintiff states a cognizable state law claim of fraud against Defendants Earley and Loredo and he states a cognizable state law claim for intentional concealment against Defendant Smith.

6. Plaintiff's claims against Defendants Babcock, Rogers, Walker and Davis are DISMISSED.

7. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to SQSP CAL-PIA Factory Defendants Dobie, Loredo, Earley, Smith and Young.</u> The Clerk shall also mail a copy of the complaint and a copy

5

of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

    8. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

    9. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

    10. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

12. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7

13. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

14. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

15. This Order terminates docket number 10.

**IT IS SO ORDERED.**

Dated: December 27, 2013



KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE