UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEE D. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP EARLEY, et al.,<br><br>    Defendants.<br><br>AND THESE RELATED CASES:<br><br>*Spells v. Smith; et al.,* No. 13-cv-4102 EMC<br><br>*Hirscher v. Smith; et al.,* No. 14-cv-340 EMC;<br><br>*Beyett v. Smith; et al.,* No. 14-cv-3153 EMC. | Case No. 13-cv-04373-EMC<br><br>**ORDER SEALING ONE PARAGRAPH OF ORDER**<br><br>Docket Nos. 68, 69, 71 |

    The parties settled the four referenced cases at a November 18, 2015 settlement conference. Magistrate Judge Spero conducted the settlement conference and put the parties' agreement on the record. Magistrate Judge Spero did not retain jurisdiction to resolve any disputes about the settlement agreement.

    Thereafter, a dispute arose among the parties as to whether a written settlement agreement needed to be executed and the terms to be included in it. Plaintiffs in these four cases filed a motion to enforce the settlement agreement and to file under seal the transcript of the settlement proceedings. (Docket Nos. 68 and 69 in *Carter*, No. 13-4373 EMC.) Before Defendants' opposition to enforce the settlement was due, Defendants submitted a stipulation and proposed order regarding the settlement. Docket No. 71. The stipulation, signed by counsel for all the parties stated, in part: "Defendants and non-party CALPIA agree with Plaintiffs that, at this point,

the November 18 agreement should be deemed binding.  However, in the absence of a settlement agreement signed by all Plaintiffs, CALPIA requires a document signed by the Court reflecting payment terms to make payments." Docket No. 71-3 at 1-2.  Defendants also requested, pursuant to Local Rule 79-5, that the one paragraph of the order reflecting the payment terms be sealed.  They urged that the paragraph reflected a confidential term of settlement, sealing promotes settlements in general by allowing parties to enter into confidential settlements, and Magistrate Judge Spero already had put the transcript of the settlement itself under seal.  Docket No. 71-1 at 1-2.

Upon due consideration, the Court GRANTS defendants' request that paragraph 2 of the order pursuant to stipulation be sealed.  (Docket No. 71.)  The clerk will file the unredacted signed order under seal.  The clerk also will file a copy of the signed order, with paragraph 2 redacted from it, in the public docket. (Because the clerk will be filing the sealed order, the parties do not need to file a copy of it under seal.)  The sealed copy of the order will not be available for public inspection until ten years after these cases are closed.  *See* N. D. Cal. Local Rule 79-5(g).

Plaintiffs' motion to enforce the settlement agreement and defendants' motion to file a copy of the transcript under seal are DISMISSED as moot.  (Docket Nos. 68 and 69.)

Finally, the Court wishes to avoid any confusion about the scope of the sealing order.  There are two other cases in this group of related cases: *Terry v. Smith*, No. 13-cv-1227 EMC, and *Arnold v. Smith*, No. 13-cv-4456 EMC.  The *Terry* and *Arnold* cases did not settle and the plaintiffs in those cases are not entitled to see the sealed order or transcribed settlement agreement in these actions.  As to the sealed order and transcribed settlement agreement, the *Terry* and *Arnold* plaintiffs have no greater rights than other members of the general public to see the documents.

**IT IS SO ORDERED**.

Dated: April 6, 2016

_____
EDWARD M. CHEN
United States District Judge